COVINGTON v INTERSTATE SYSTEM

Docket No. 77-3413. Submitted October 3, 1978, at Detroit.—Decided February 6, 1979.

William Covington, an employee of Interstate System, was injured in a traffic accident while driving a truck owned by Interstate. The truck was registered and licensed in another state. Interstate was a self-insurer under the no-fault insurance statute, and Covington brought an action against Interstate for recovery of certain no-fault benefits. The Wayne Circuit Court, Richard N. Loughrin, J., granted summary judgment for Interstate on the grounds that the vehicle Covington was driving was not subject to the coverage of the no-fault act and that Covington's exclusive remedy was worker's compensation. Plaintiff appeals. *Held:*

Summary judgment was proper. The vehicle was not covered by or subject to the provisions of the no-fault act and, therefore, Covington was not entitled to recover the no-fault benefits sought.

Affirmed.

1. AUTOMOBILES — INSURANCE — NO-FAULT — VEHICLES COVERED — STATUTES.

Only those vehicles required to be registered in Michigan are subject to the requirements of the no-fault insurance act; therefore, a truck engaged in interstate commerce and registered in another state is not within the class of vehicles upon which no-fault coverage is required (MCL 500.3101[1]; MSA 24.13101[1]).

2. AUTOMOBILES — INSURANCE — NO-FAULT — VEHICLES COVERED — STATUTES.

A truck operated in interstate commerce, registered in another state, which is not operated in Michigan for more than 30 days in any calendar year is not covered under the no-fault insurance act and its driver, injured in a traffic accident, is not

REFERENCES FOR POINTS IN HEADNOTES
[1] New Topic Service Am Jur 2d, No Fault Insurance §§ 16, 17.
[2] New Topic Service Am Jur 2d, No Fault Insurance §§ 16-18.

entitled to no-fault benefits (MCL 500.3101[1], 500.3102[1]; MSA 24.13101[1], 24.13102[1]).

*Bernstein & Bernstein* (by *Thomas R. Hext* and *Harvey M. Hewitt),* for plaintiff.

*Davidson, Gotshall, Kohl, Secrest, Wardle, Lynch & Clark* (by *Robert R. Rekiel),* for defendant.

Before: BRONSON, P.J., and M. J. KELLY and D. C. RILEY, JJ.

PER CURIAM. Plaintiff was injured in a traffic accident while driving a vehicle registered and licensed in another state, but owned by defendant employer, a Michigan corporation. Plaintiff commenced the present suit seeking to recover no-fault insurance benefits from defendant, a self-insurer, pursuant to MCL 500.3101(4); MSA 24.13101(4). Defendant moved for summary judgment on two separate grounds. First, it contended that the truck plaintiff was driving at the time of the accident was not a vehicle subject to the requirements of the no-fault act. Secondly, defendant claims that even if the truck was a covered vehicle under the no-fault act, plaintiff employee's exclusive remedy against defendant employer was worker's compensation. MCL 418.131; MSA 17.237(131).

The general section defining the coverage of the no-fault act is MCL 500.3101(1); MSA 24.13101(1). This section provides as follows:

"The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liabil-

ity insurance. Security shall be in effect continuously during the period of registration of the motor vehicle."

According to the express language of the statute only those vehicles required to be registered in this state are subject to the requirements of the no-fault act. It is uncontroverted that the truck plaintiff was driving at the time of the accident was neither registered in this state, nor required to be registered in this state.[1] Consequently, it did not fall within the class of vehicles covered by this section of the no-fault act.

The only other coverage section in the no-fault act, MCL 500.3102(1); MSA 24.13102(1), provides as follows:

"A nonresident owner or registrant of a motor vehicle not registered in this state shall not operate or permit the vehicle to be operated in this state for an aggregate of more than 30 days in any calendar year unless he continuously maintains security for the payment of benefits."

Because it is also uncontroverted that the truck plaintiff was driving at the time of the accident had not been operated in this state for more than 30 days[2] in any given year, the no-fault coverage provided by this section is also not applicable.

Since neither coverage section of the no-fault act is applicable to the truck in question, the truck was not a covered vehicle under the no-fault act

_____

[1] The truck plaintiff was driving was a vehicle used in interstate commerce and registered in another state pursuant to MCL 3.161 *et seq.;* MSA 9.1735 *et seq.*

[2] For purposes of this section, the term nonresident includes residents of this state and domestic corporations who have vehicles registered in other states. A contrary holding would result in the anomalous and unacceptable situation where nonresidents would be subject to the requirements of the no-fault act while their counterparts who are residents of this state would be excluded.

and plaintiff is not entitled to no-fault benefits from defendant.[3]

Affirmed.

---

[3] Since our resolution of the first ground presented by defendant disposes of the case, we express no opinion on the merits of defendant's second argument.