KELLY v INTER-CITY TRUCK LINES, INC

Docket No. 59907. Submitted August 17, 1982, at Detroit.—Decided November 4, 1982.

Thomas Kelly was injured as he was unloading with a forklift a truck semi-trailer owned by Inter-City Truck Lines, Inc. At the time of the accident the trailer was not attached to a truck cab. Kelly brought an action against Inter-City in Wayne Circuit Court seeking benefits under the automobile no-fault insurance act. Plaintiff moved for partial summary judgment. Robert J. Colombo, J., granted plaintiff's motion, finding that plaintiff was entitled to benefits under the automobile no-fault insurance act. Defendant appeals. *Held:*

The truck semi-trailer, even though not attached to a cab and freestanding during the unloading, was a motor vehicle within the meaning of the provisions of the automobile no-fault insurance act.

Affirmed.

Insurance — No-Fault Insurance — Semi-Trailers.

A truck semi-trailer, whether attached to a cab or freestanding, is a motor vehicle within the meaning of the provisions of the automobile no-fault insurance act, unless it can be shown that the semi-trailer is no longer designed for use on a public highway (MCL 500.3101[2][c]; MSA 24.13101[2][c]).

*Kitch, Suhrheinrich, Smith, Saurbier & Drutchas, P.C.* (by *Jeremiah J. Kenney*), for plaintiff.

*Feiler & Glass, P.C.* (by *Michael H. Feiler*), for defendant.

REFERENCES FOR POINTS IN HEADNOTE

[1] 7 Am Jur 2d, Automobile Insurance §§ 114, 351.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

What constitutes "trailer" within coverage or exclusion provision of automobile insurance policy. 65 ALR3d 804.

Before: BRONSON, P.J., and MACKENZIE and
K. N. SANBORN,* JJ.

PER CURIAM. Defendant appeals from an order
of partial summary judgment directing it to pay
personal protection insurance benefits to plaintiff
under the automobile no-fault insurance act.

The trial court file contains no answer to plain-
tiff's complaint. We accept as uncontroverted,
therefore, the facts stated in the complaint. We
note that the court file also contains no answer to
plaintiff's motion for summary judgment. It ap-
pears that the parties agree on the facts which we
view as critical.

Allegedly, plaintiff was injured while unloading
a semi-trailer owned by defendant. The trailer was
parked at a loading dock and was not attached to
a cab at the time of injury. Plaintiff was "in the
process of exiting said trailer by means of a fork-
lift" when he was injured. The complaint does not
otherwise indicate how the injuries to plaintiff
occurred.

Defendant argues that the trailer was not a
"motor vehicle" under the automobile no-fault
insurance act. MCL 500.3101(2)(c); MSA
24.13101(2)(c) states:

" 'Motor vehicle' means a vehicle, including a trailer,
operated or designed for operation upon a public high-
way by power other than muscular power which has
more than 2 wheels. Motor vehicle does not include a
motorcycle or a moped, as defined in section 32b of Act
No. 300 of the Public Acts of 1949."

The trailer was certainly a "vehicle". It was also
"designed for operation upon a public highway by
power other than muscular power". Nothing in the

* Circuit judge, sitting on the Court of Appeals by assignment.

statute's definition indicates that a trailer must be attached to a power source at the time of an accident to be considered a "motor vehicle". We are bound by the clear and unambiguous words of the statute and will not read language into it in order to defeat its remedial purposes. ·

A strong argument in plaintiff's favor is made in his appellate brief. The Legislature clearly contemplated that some injuries would involve the process of loading and unloading. See MCL 500.3106(b); MSA 24.13106(b). Defendant would introduce an arbitrary distinction into the statutory scheme by making an injured person's recovery depend on whether, at the time of loading or unloading, the trailer was attached to a cab. Such a distinction is warranted neither by logic nor by the statute's language.

Defendant argues that, at some point, a detached semi-trailer used for storage loses its status as a "motor vehicle". We can conceive of situations in which the owner of a trailer might show that it is no longer "designed for operation on a public highway". We see no other legislative authorization for excluding trailers from the definition of "motor vehicle". The present case is not, however, the close case in which a careful study of the question is warranted. Plaintiff was injured unloading the trailer the same day it was detached from the cab which provided its power.

Defendant argues that adherence to the statutory definition of "motor vehicle" will lead to ridiculous results in some cases. In the examples used in its appellate brief, defendant ignores the requirement that accidental bodily injury arise out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle to be compensable under the no-fault act. The examples are not relevant to the issue presented on appeal.

We conclude that a semi-trailer, whether attached to a cab or freestanding, is a "motor vehicle" under the no-fault act.

At the July 10, 1981, hearing in the trial court, defendant expressly waived its claim that the trailer in question was not operated in the State of Michigan for more than 30 days in the relevant calendar year. We are, therefore, precluded from considering this issue on appeal.

Affirmed. Costs to plaintiff.