CITIZENS INSURANCE COMPANY OF AMERICA V ROADWAY
EXPRESS, INC

Docket No. 70803. Submitted March 15, 1984, at Detroit.—Decided
June 18, 1984. Leave to appeal applied for.

James A. Lang was injured when, after arriving at a delivery
location in a tractor-trailer truck and exiting from the tractor
or cab portion of the truck, he slipped and fell off a bar at the
rear of the trailer portion as he was attempting to open the
trailer's overhead door. Lang sought no-fault benefits, to the
extent that such benefits exceeded workers' disability compen-
sation benefits, from his employer, Roadway Express, Inc.,
owner of both the tractor and trailer portions of the truck and
a self-insurer with respect to its obligation to maintain security
for payment of no-fault insurance benefits. Roadway denied
Lang's claim on the basis that, since the trailer portion was not
registered in Michigan and the trailer had been in Michigan
less than 30 days in the prior year, it was not required to
provide security for payment of no-fault insurance benefits with
respect to the trailer and that, since it had not provided such
security of payment of benefits with respect to the trailer the
trailer did not have no-fault coverage at the time of the
accident. Lang then sought no-fault benefits from Citizens
Insurance Company of America, the no-fault insurer for his
private automobile. Citizens accepted Lang's claim and paid no-
fault benefits. Citizens commenced an action for declaratory
relief in Oakland Circuit Court seeking to have Roadway
declared the proper party to pay Lang's no-fault benefits. Both
Citizens and Roadway moved for summary judgment on the
basis that there was no genuine question of fact and that
judgment should be entered as a matter of law. Frederick C.
Ziem, J., entered an order of summary judgment in favor of
Citizens, ordering that Roadway assume the obligation to pay
no-fault benefits to Lang. Roadway appealed. *Held:*

1. Since it was uncontroverted that the trailer portion of the

REFERENCES FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobile Insurance §§ 114, 340-368.
What constitutes a "motor vehicle" covered under no-fault insur-
ance. 60 ALR3d 651.

tractor-trailer combination was registered in another state, had been in this state less than 30 days in the prior year, and, accordingly, was not required to maintain security for payment of Michigan no-fault benefits, the sole question before the trial court was a question of law, that being whether the trailer portion should be treated as a separate motor vehicle under the Michigan statutory scheme.

2. Under the Michigan statutory scheme, a trailer is a separate and distinct motor vehicle even when it is attached to the tractor portion of a tractor-trailer combination. The trailer portion in this situation, accordingly, was properly not subject to the provisions of the Michigan no-fault insurance act, since the trailer was registered in another state and had not been used within this state for more than 30 days in the prior year. Roadway rather than Citizens was entitled to summary judgment.

Reversed and remanded.

INSURANCE — NO-FAULT INSURANCE — SEMI-TRAILERS.

A semi-trailer is a separate and distinct motor vehicle within the meaning of the automobile no-fault insurance act even where it is attached to the truck tractor; accordingly, a semi-trailer which, by reason of its out-of-state registration and limited use within Michigan, is not subject to the provisions of the automobile no-fault insurance act retains that statutes even where it is attached to a tractor unit which is subject to the provisions of the no-fault act and for which there exists the requisite security for payment of no-fault benefits (MCL 500.3101, subds [1] and [2][c], 500.3102[1]; MSA 24.13101, subds [1] and [2][c], 24.13102[1]).

*Franklin, Petrulis, Bigler, Berry & Johnson, P.C.* (by *Irene A. Bruce),* for plaintiff.

*VanDeveer, Garzia, Tonkin, Kerr & Heaphy, P.C.* (by *C. F. Boyle, Jr.),* for defendant.

Before: WAHLS, P.J., and BRONSON and N. J. KAUFMAN,* JJ.

BRONSON, J. Defendant, Roadway Express, Inc.,

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment.

appeals as of right from an order of summary judgment entered in favor of plaintiff, Citizens Insurance Company of America.

The relevant facts are undisputed. On September 21, 1981, Roadway's employee, James A. Lang, was injured during the course of his employment. Upon arriving at a delivery location, Lang exited from the cab portion (tractor) of Roadway's 45-foot-long tractor-trailer combination and walked to the rear of the storage portion (trailer). In an attempt to open the trailer's overhead door, Lang fell off the trailer's rear ICC bar and injured his back.

Lang petitioned Roadway for no-fault benefits exceeding his workers' compensation disability benefits. Roadway, which was self-insured, refused Lang's claim because the trailer portion of the tractor-trailer was not licensed in Michigan and had not been in the state long enough to require insurance coverage. Lang then applied for benefits from Citizens, the no-fault carrier for his private automobile. Citizens accepted the claim and began paying benefits.

Citizens commenced this action against Roadway seeking declaratory relief under GCR 1963, 521, and requesting that the circuit court find that Roadway was the proper party to pay Lang's benefits. On February 25, 1983, Citizens filed a motion for summary judgment; and, on March 2, Roadway filed a cross-motion for summary judgment, requesting that the court find Citizens liable for Lang's benefits. After hearing both motions, the circuit court found that Roadway was the proper party to pay Lang's benefits.

The motions for summary judgment were brought pursuant to GCR 1963, 117.2(3), and both parties filed supporting affidavits. We agree with the circuit court that there was no genuine issue

as to any material fact; however, we find that Roadway, not Citizens, was entitled to judgment as a matter of law. *Rizzo v Kretschmer*, 389 Mich 363, 372; 207 NW2d 316 (1973).

Under MCL 500.3101(1); MSA 24.13101(1), the owner or registrant of a motor vehicle required to be registered in this state must maintain security for payment of no-fault insurance benefits. However, an owner or registrant of a motor vehicle not registered in Michigan must maintain the requisite security for payment of benefits under the Michigan no-fault insurance act only if the vehicle is operated in Michigan for more than 30 days in any year, MCL 500.3102(1); MSA 24.13102(1).

Roadway submitted uncontroverted affidavits stating that its trailer was registered in the State of Tennessee and had not been operated in Michigan for more than 30 days during the preceding calendar year. Roadway argues, therefore, that its trailer was a motor vehicle not covered by the requirements of the no-fault act and consequently Roadway is not liable for payment of Lang's benefits. *Covington v Interstate System*, 88 Mich App 492; 277 NW2d 4 (1979).

On the other hand, Roadway was subject to the provisions of the no-fault act with respect to the tractor. Citizens contends that, under the no-fault insurance act, the tractor-trailer unit is a single "motor vehicle" and Roadway, as the self-insurer of the unit, was liable for payment of Lang's benefits.

A motor vehicle required to be registered in this state is subject to the security requirements listed in MCL 500.3101(1); MSA 24.13101(1). "Motor vehicle" is defined in MCL 500.3101(2)(c); MSA 24.13101(2)(c) as follows:

"(c) 'Motor vehicle' means a vehicle, including a

trailer, operated or designed for operation upon a public highway by power other than muscular power which has more than 2 wheels. Motor vehicle does not include a motorcycle or a moped, as defined in section 32b of Act No. 300 of the Public Acts of 1949."

The sole issue presented in this case is whether the trailer is a separate and distinct "motor vehicle" within the meaning of the no-fault act. If it is, Roadway, as the owner of a motor vehicle which is not subject to the provisions of the Michigan no-fault insurance act, is relieved from payment of no-fault insurance benefits. *Covington, supra.*

The instant case presents a novel question of statutory construction. We do not find the cases cited by Citizens, *Sherman v Michigan Mutual Ins Co,* 124 Mich App 700; 335 NW2d 232 (1983); *Teman v Transamerica Ins Co of Michigan,* 123 Mich App 262; 333 NW2d 244 (1983), and *Hathcox v Liberty Mutual Ins Co,* 90 Mich App 511; 282 NW2d 374 (1979), dispositive for two reasons. First, those opinions use the terms "truck", "trailer", and "vehicle" interchangeably. We are thus unable to infer with any certainty whether the appellate panels intended to use the term "vehicle" to describe the truck or the trailer or the truck-trailer unit.

We note that recently, in *Griffin v Lumbermens Mutual Casualty Co,* 128 Mich App 624, 630-631; 341 NW2d 163 (1983), also involving a tractor-trailer, this Court looked at that plaintiff's proximity to both the trailer *and* the cab or tractor portion prior to concluding that the plaintiff was not "occupying" a vehicle under MCL 500.3106; MSA 24.13106. Citizens' suggested analysis would lead us to conclude that the *Griffin* Court perceived the tractor and trailer as two separate vehicles for no-fault purposes.

Aside from the ambiguous use of language in the aforementioned cases, we hesitate to find those cases dispositive because none of the prior cases involved an uninsured unit. Even in *BASF Wyandotte Corp v Transport Ins Co,* 523 F Supp 515, 517 (ED Mich, 1981), wherein the court specifically referred to the tractor-trailer as "together, constitut[ing] a motor vehicle for the purpose of the Michigan No-Fault Act", both the tractor and trailer involved therein were insured. Since none of those cases involved an uninsured unit, the issue of distinguishing between the tractor and trailer was not presented to the reviewing courts. We are, therefore, unpersuaded that the prior cases stand for the proposition that a tractor-trailer unit is a single "motor vehicle" for all no-fault purposes.

Roadway primarily relies on *Kelly v Inter-City Truck Lines, Inc,* 121 Mich App 208; 328 NW2d 406 (1982), where this Court addressed the issue of whether a trailer detached from the tractor was a motor vehicle under MCL 500.3101(2)(c); MSA 24.13101(2)(c). The *Kelly* Court refused to draw an arbitrary distinction between an attached and un-attached trailer and held that "a semi-trailer, whether attached to a cab or freestanding, is a 'motor vehicle' under the no-fault act". 121 Mich App 211.

Roadway argues that *Kelly* should be read as holding that an uninsured trailer is a separate and distinct "motor vehicle" regardless of whether it is attached to a tractor. Citizens responds that the *Kelly* Court's holding only means that a trailer does not lose its status as a motor vehicle simply because it is detached from its power source. Although Citizens' interpretation is plausible, we believe that the *Kelly* Court's expressed refusal to

distinguish between an attached and unattached trailer corroborates Roadway's contention that a trailer remains a separate "motor vehicle" when it is hooked up to a tractor.

Our conclusion is reinforced by a plain reading of the statutory definition of a "motor vehicle". MCL 500.3101(2)(c); MSA 24.13101(2)(c) states that "motor vehicle means a vehicle, including a trailer". The statutory language indicates that a trailer is first a vehicle, and if it complies with the other enumerated conditions, it attains the status of a "motor vehicle".

Moreover, recognition of the separate insured status of the trailer acknowledges the practical relationship between the insurance and trucking industries vis-à-vis the no-fault act. Tractors and trailers are often owned, operated, and insured by totally different entities. The very nature of a tractor-trailer allows each unit to be used and insured separately in different states for different periods of time.

We hold that Roadway's trailer was an uninsured motor vehicle. Accordingly, Citizens, as Lang's personal automobile insurance carrier, was liable to Lang for payment of no-fault benefits. *Becker v Wolverine Ins Co,* 113 Mich App 572; 317 NW2d 344 (1982).

The order of summary judgment for Citizens is vacated and an order of summary judgment for Roadway should be entered. Roadway should be reimbursed by Citizens for any benefits paid to Lang as a result of the instant controversy.