PARKS v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket Nos. 69520, 70751. Submitted March 8, 1984, at Grand Rapids.
—Decided November 5, 1984. Leave to appeal applied for.

Wayne Parks, an employee of Roadway Express, Inc., was injured
while unloading a box from the floor of a trailer owned by
Roadway which was parked at Roadway's Muskegon terminal.
At the time, Roadway was a self-insurer certified by the Michi-
gan Department of State. Detroit Automobile Inter-Insurance
Exchange was the no-fault insurer of Parks' personal automo-
bile. Both Roadway and DAIIE refused to pay personal protec-
tion insurance benefits to Parks. He filed suit against Roadway
Express, Inc., Detroit Automobile Inter-Insurance Exchange
and the Michigan Department of State, Assigned Claims Facil-
ity in Muskegon Circuit Court. The claim against the Assigned
Claims Facility was on its failure to assign the matter to an
insurance carrier. Roadway and DAIIE both moved for sum-
mary judgment. The court, James M. Graves, Jr., J., granted
Roadway's motion for summary judgment based upon Road-
way's argument that the trailer was not required to be regis-
tered in Michigan and, therefore, was not required to be
insured under the no-fault act. DAIIE's motion for summary
judgment was denied. A judgment was subsequently entered in
Parks' favor against DAIIE. Both Parks and DAIIE appeal. The
appeals have been consolidated. *Held:*

1. A person injured in an uninsured motor vehicle owned by
his employer may be entitled to personal protection insurance
benefits from his own no-fault insurer.

2. The circuit court erred in finding that the trailer in which
Parks was injured was not a vehicle subject to the security
requirements of the no-fault act and in granting Roadway's
motion for summary judgment. Whether the trailer was a

References for Points in Headnotes
[1] 7 Am Jur 2d, Automobile Insurance § 354.
Validity and construction of "no-fault" automobile insurance plans.
42 ALR3d 229.
[2] 7 Am Jur 2d, Automobile Insurance § 353.
[3] 7 Am Jur 2d, Automobile Insurance § 352.

vehicle for which no-fault insurance was required under the provisions of the no-fault act addressing what persons are required to maintain no-fault insurance on their vehicles has no bearing on whether Parks is entitled to no-fault personal protection benefits from Roadway under the provision of the act which governs when the right to personal protection insurance benefits is triggered. The court's order granting summary judgment to Roadway is reversed. The subsequent judgment against DAIIE is also reversed and the case is remanded to the circuit court for further proceedings.

3. An exemption granted by the state highway reciprocity board from an otherwise existing requirement to register a vehicle does not render a vehicle one which need not be insured under the no-fault act.

Reversed and remanded.

1. INSURANCE — NO-FAULT INSURANCE — UNINSURED VEHICLE — EMPLOYMENT RELATIONSHIP.

An employee is not precluded from recovering benefits from his own no-fault insurance carrier where he is injured in an automobile accident while in his employer's vehicle where that vehicle is not insured.

2. INSURANCE — NO-FAULT INSURANCE — UNINSURED VEHICLE.

The fact that a trailer in which an employee suffered an injury was not a vehicle for which no-fault insurance was required does not prevent the owner of the trailer, a self-insurer under the no-fault act, from being liable for payment of personal protection insurance benefits to the injured employee; the provision of the act governing when the right to personal protection insurance benefits is triggered requires only that accidental bodily injury arise out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, not that the vehicle be registered or one for which no-fault security is required (MCL 500.3105[1]; MSA 24.13105[1]).

3. INSURANCE — NO-FAULT INSURANCE — VEHICLES NOT REGISTERED IN STATE.

A vehicle which, under a reciprocity agreement between Michigan and other states, need not be registered in Michigan to be operated within the state must still be covered by no-fault insurance (MCL 3.161 *et seq.*, 500.3101[1]; MSA 9.1735 *et seq.*, 24.13101[1]).

*McCroskey, Feldman, Cochrane & Brock* (by *J. Walter Brock*), for plaintiff.

*William J. Hipkiss,* for Detroit Automobile Inter-Insurance Exchange.

*Allaben, Massie, Vander Weyden & Timmer* (by *Keith A. Vander Weyden* and *Brian D. Vincent),* for Roadway Express, Inc.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Harry G. Iwasko, Jr.,* and *Warren R. Snyder,* Assistants Attorney General, for the Secretary of State.

Before: MacKenzie, P.J., and J. H. Gillis and J. E. Fitzgerald,* JJ.

MacKenzie, P.J. Plaintiff, Wayne Parks, an employee of defendant Roadway Express, Inc., a foreign corporation, was injured on March 13, 1981, while working inside a trailer owned by Roadway, unloading a box from the floor of that trailer, which was parked at Roadway's Muskegon terminal. At the time of the injury, Roadway was a self-insurer certified by the Michigan Department of State, and defendant Detroit Automobile Inter-Insurance Exchange (DAIIE) was the no-fault insurer of plaintiff's personal automobile. Roadway and DAIIE refused to pay plaintiff personal protection insurance benefits, and plaintiff subsequently filed suit against these defendants and also against defendant Michigan Department of State, Assigned Claims Facility for failure to assign the matter to an insurance carrier. Both Roadway and DAIIE moved for summary judgment, and the circuit court granted Roadway's motion but denied DAIIE's motion. Subsequently, a judgment was entered in plaintiff's favor against DAIIE. Plaintiff and DAIIE appeal as of right.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Section 3105(1) of the no-fault insurance act provides as follows:

"Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter." MCL 500.3105(1); MSA 24.13105(1).

With respect to parked motor vehicles, § 3106, prior to its amendment by 1981 PA 209 effective December 30, 1981, provided in pertinent part as follows:

"Accidental bodily injury does not arise out of the ownership, operation, maintenance or use of a parked vehicle as a motor vehicle unless any of the following occur:

\* \* \*

"(b) The injury was a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used or property being lifted onto or lowered from the vehicle in the loading or unloading process." MCL 500.3106; MSA 24.13106.

It is undisputed that plaintiff's injury falls within the language of § 3106(b) quoted above. (The 1981 amendment to § 3106, not applicable to the present case, added subsection [2] making no-fault personal protection insurance benefits unavailable where workers' compensation benefits are available to the injured employee.)

The issue presented on appeal is whether Roadway or DAIIE is liable to pay plaintiff personal protection insurance benefits; if neither is liable, then plaintiff's claim for benefits is subject to defendant Department of State's assigned claims

plan under MCL 500.3172; MSA 24.13172. The starting point in our analysis is § 3114(3), providing as follows:

"(3) An employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle." MCL 500.3114(3); MSA 24.13114(3).

DAIIE contends that under § 3114(3) it, as the insurer of plaintiff's personal automobile and not the Roadway trailer in which plaintiff was injured, cannot be held liable for payment of personal protection insurance benefits to plaintiff. DAIIE would have us interpret § 3114(3) as not merely a priority provision making the insurer of the employer's vehicle primarily liable, but rather as a provision exempting the injured person's personal automobile insurer entirely regardless of whether there is insurance covering the employer's vehicle or not. DAIIE relies on *Mathis v Interstate Motor Freight System,* 408 Mich 164; 289 NW2d 708 (1980). There, in the case of *Ottenwess v Hawkeye-Security Ins Co,* consolidated with *Mathis, supra,* the plaintiffs' decedent who, like plaintiff herein, was injured while working on his employer's truck, sought benefits from the employer's no-fault insurer as well as the insurer of the decedent's private automobile. The Court stated that under § 3114(3) the plaintiffs were "not entitled to bring an action against the no-fault insurer of the employee's private vehicle". *Mathis, supra,* p 186.

While the above-quoted statement appears to support DAIIE's construction of § 3114(3), the more recent case of *Lee v DAIIE,* 412 Mich 505; 315 NW2d 413 (1982), shows that, where there is

no insurer of the employer's vehicle, the no-fault insurer of the injured employee's personal automobile may be liable for the payment of personal protection insurance benefits. In *Lee, supra,* the plaintiff was injured while unloading mail from a government-owned mail truck. There was no insurance covering the mail truck, making § 3114(3) inapplicable, and the Court found that the plaintiff's personal insurer was liable for the payment of benefits under § 3114(4) of the no-fault act despite the fact that the personal insurer had written no coverage respecting the vehicle involved. *Lee, supra,* pp 515-516. Hence, in light of *Lee,* we believe the proper reading of the Court's earlier decision in *Mathis, supra,* is that § 3114(3) precludes an action against the insurer of the employee's personal automobile only where there is insurance covering the employer's vehicle. Indeed, another panel of this Court in *Becker v Wolverine Ins Co,* 113 Mich App 572; 317 NW2d 344 (1982), held that *Mathis, supra,* does not preclude recovery from the employee's own no-fault insurer where the employer's vehicle is not insured.

Since DAIIE's liability is dependent on the absence of no-fault insurance covering the vehicle in which plaintiff was injured, we must determine whether or not such insurance existed. The vehicle with which we are concerned is the trailer itself, not the tractor to which the trailer was attached at the time of plaintiff's injury, since MCL 500.3101(2)(c); MSA 24.13101(2)(c) defines "motor vehicle" as "a vehicle, including a trailer". *Citizens Ins Co of America v Roadway Express, Inc,* 135 Mich App 457; 354 NW2d 385 (1984); *Kelly v Inter-City Truck Lines, Inc,* 121 Mich App 208; 328 NW2d 406 (1982).

It is undisputed that the trailer was owned by Roadway, and, based on the record before us,

Roadway has never disputed that the trailer is covered by Roadway as a no-fault self-insurer. We note that defendant Michigan Department of State attached to its brief on appeal a copy of the certificate of self-insurance issued by the Secretary of State to Roadway and in effect at the time of plaintiff's injury which states that "[t]his certificate covers all vehicles owned by" Roadway. Under the no-fault act, a self-insurer has "all the obligations and rights of an insurer" under the act. MCL 500.3101(4); MSA 24.13101(4). Nonetheless, Roadway argues that it is not liable for the payment of personal protection insurance benefits to plaintiff because the trailer was not a vehicle for which no-fault insurance was required.

Together with its motion for summary judgment brought under GCR 1963, 117.2, subds (1) and (3), Roadway submitted affidavits averring that the trailer was registered in Tennessee and was not required to be registered in Michigan pursuant to a multi-state agreement establishing reciprocity between the States of Michigan and Tennessee, and averring that the trailer was operated in Michigan for only two days in 1980, and for only three days in 1981 up to and including March 13, 1981. Roadway argues that based on the affidavits there is no question but that no-fault insurance covering the trailer was not required under either § 3101(1) or § 3102(1) of the no-fault act, which provisions state as follows:

"Sec. 3101. (1) The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance. Security shall be in effect continuously during the period of registration of the motor vehicle." MCL 500.3101(1); MSA 24.13101(1).

"Sec. 3102. (1) A nonresident owner or registrant of a motor vehicle not registered in this state shall not operate or permit the vehicle to be operated in this state for an aggregate of more than 30 days in any calendar year unless he or she continuously maintains security for the payment of benefits." MCL 500.3102(1); MSA 24.13102(1).

Hence, relying on *Covington v Interstate System,* 88 Mich App 492; 277 NW2d 4 (1979), Roadway contends that, since the trailer was not a vehicle subject to the security requirements of the no-fault act, plaintiff is not entitled to recover no-fault benefits from it under the act; the circuit court agreed and granted Roadway's motion for summary judgment.

We find that Roadway's and the circuit court's reliance on *Covington, supra,* was misplaced since the Supreme Court in *Lee, supra,* repudiated the mode of analysis employed in *Covington,* thus reversing the *Covington* decision *sub silentio.* In *Lee,* the no-fault insurer argued, like Roadway herein, that personal protection insurance benefits were not available to the plaintiff because the vehicle involved, a post office mail truck, was not required to be registered in Michigan and therefore under § 3101(1) was not a vehicle for which no-fault insurance was required. The Court in *Lee* rejected this argument, explaining that § 3101(1) speaks to what persons are required to carry no-fault coverage, a wholly different subject than that addressed in § 3105(1), which governs when the right to personal protection insurance benefits is triggered and which uses the term "motor vehicle" as it is defined in § 3101(2)(c); conspicuously absent from the latter section defining "motor vehicle" is any language requiring the vehicle to be registered or one for which no-fault security is required. *Lee, supra,* pp 511-513. The Court in *Lee* expressly

overruled the holding in *Shoemaker v National Ben Franklin Ins Co,* 78 Mich App 175; 259 NW2d 414 (1977), that an insurer does not incur liability for the payment of personal protection insurance benefits under § 3105 unless the accident involved a vehicle falling within § 3101(1). *Lee, supra,* p 511.

The rationale of *Lee, supra,* applies equally to the instant case and compels the conclusion that whether the trailer was a vehicle for which no-fault insurance was required under § 3101(1) or § 3102(1) has no bearing on whether plaintiff is entitled to no-fault personal protection benefits under § 3105(1) from Roadway as self-insurer of the trailer. While the Court in *Lee* did not specifically address the impact of § 3102(1) on an insurer's liability under § 3105(1), since § 3102(1), like § 3101(1), is addressed only to what persons are required to maintain no-fault insurance on their vehicles, we believe the analysis of *Lee* applies to § 3102(1) as well. Consequently, we find that the circuit court erred, and reverse the court's order granting summary judgment to Roadway. The subsequent judgment against DAIIE is also reversed and the case is remanded to the circuit court for further proceedings.

Finally, we note that although *Covington, supra,* was cited without criticism in the recent *Citizens Ins Co of America, supra,* decision, this Court in the latter case was not, as here, called upon to address the correctness of the *Covington* decision. We further note that, even were we to find *Lee, supra,* inapplicable to the present case, still we would question the propriety of the grant of summary judgment for Roadway. Assuming *arguendo* that §§ 3101(1) and 3102(1) did bear on plaintiff's right to recover personal protection benefits under

§ 3105(1), we suspect that an exemption granted by the state highway reciprocity board, pursuant to MCL 3.161 *et seq.;* MSA 9.1735 *et seq.,* from an otherwise existing requirement to register a vehicle does not render a vehicle one which need not be insured under § 3101(1) of the no-fault act. We doubt that the Legislature intended that such reciprocity agreements remove the duty under § 3101(1) to carry no-fault insurance on a vehicle which, but for the reciprocity agreement, would be required to be registered.

Reversed and remanded for proceedings consistent with this opinion. No costs, a question of public significance being involved.