# STATE OF MICHIGAN

# COURT OF APPEALS

ADAM HEICHEL,

        Plaintiff,

and

ST. JOHN MACOMB-OAKLAND HOSPITAL,

        Intervening Plaintiff-Appellee,

and

MENDELSON ORTHOPEDICS, P.C.,

        Intervening Plaintiff,

v

GEICO INDEMNITY COMPANY,

        Defendant/Third-Party Plaintiff-
        Appellant,

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant,

and

EAN HOLDINGS, L.L.C. and ENTERPRISE
HOLDINGS, INC.,

        Defendants/Third-Party
        Defendants-Appellees.

UNPUBLISHED
March 1, 2016

No. 323818
Wayne Circuit Court
LC No. 12-003780-NF

-1-

ADAM HEICHEL,

        Plaintiff,

and

ST. JOHN MACOMB-OAKLAND HOSPITAL,

        Intervening Plaintiff-Appellee,

and

MENDELSON ORTHOPEDICS, P.C.,

        Intervening Plaintiff,

v

GEICO INDEMNITY COMPANY,

        Defendant/Third-Party Plaintiff-
        Appellant,

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant-Appellant,

and

EAN HOLDINGS, INC. and ENTERPRISE
HOLDINGS, INC.,

        Defendants/Third-Party
        Defendants-Appellees.

No. 324045
Wayne Circuit Court
LC No. 12-003780-NF

Before: GLEICHER, P.J., and JANSEN and SHAPIRO, JJ.

PER CURIAM.

The no-fault insurance act requires owners of motor vehicles registered in Michigan to maintain security for payment of personal injury protection (PIP) benefits. MCL 500.3101(1). This obligation also extends to the owners of vehicles registered in other states that are operated in Michigan for more than 30 days in a calendar year. MCL 500.3102(1).

The Ford Fusion involved in the accident giving rise to this priority dispute was owned by defendant EAN Holdings, L.L.C., and registered in North Carolina. It had been in Michigan

-2-

for less than 30 days when it struck plaintiff Adam Heichel's motorcycle. Because the no-fault act's security provision does not apply to the vehicle, neither do the no-fault act's priority provisions. As a practical matter, this means that EAN is not responsible for paying Heichel's first-party no-fault benefits. The circuit court reached the same conclusion. We affirm.

I

While driving a Ford Fusion rented from Enterprise Rent-A-Car in Pennsylvania, Krzysztof Pietruczynik ran a red light in Orion Township and struck Heichel's motorcycle. Heichel suffered serious injuries. Pietruczynik's wife, Mary Roddy, had signed the Enterprise rental agreement. EAN owned the Ford and registered it in North Carolina. In 2010, Michigan's secretary of state certified EAN as a qualified self-insurer under MCL 500.3101(4).

Defendant Geico Indemnity Company insured a personal vehicle owned by Roddy and Pietruczynik. Roddy had a State Farm policy on another personal vehicle; as to that vehicle, Pietruczynik was a named insured. Thus, there were three potential sources through which Heichel could seek payment of PIP benefits: EAN, Geico and State Farm.

Heichel first tagged EAN, which denied his claim. Heichel then filed suit against Geico, which successfully moved to join State Farm as a party defendant. Meanwhile, St. John Macomb-Oakland Hospital and Mendelson Orthopedics, P.C. intervened, seeking reimbursement for their services. Many motions and procedural moves later, the circuit court granted EAN's motion for summary disposition, ruling that *Parks v Detroit Auto Inter-Ins Exch*, 426 Mich 191, 201; 393 NW2d 833 (1986), absolved EAN of liability for Heichel's no-fault claim.

Geico and State Farm agreed to a judgment by consent in favor of Heichel, St. John Macomb, and Mendelson Orthopedics. The judgment reserved the two insurance companies' rights to claim an appeal of the circuit court's summary disposition ruling. We have consolidated their appeals. Both contend that EAN is liable for payment of Heichel's no-fault benefits because EAN's self-insured status meant that it assumed the duties of a commercial insurer and thus was highest in priority under MCL 500.3114(5), which governs the order of PIP benefit payment responsibility in motorcycle-motor vehicle accidents.

II

We review de novo a circuit court's resolution of a summary disposition motion. *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013). We also review de novo matters of statutory interpretation. *Stanton v City of Battle Creek*, 466 Mich 611, 614; 647 NW2d 508 (2002). The goal of statutory interpretation is to discern and give effect to the intent of the Legislature. *Odom v Wayne Co*, 482 Mich 459, 467; 760 NW2d 217 (2008). The first step in determining legislative intent is the language of the statute. *Id.* If the statutory language is unambiguous, then the Legislature's intent is clear and judicial construction is neither necessary nor permitted. *Id.*

III

The Supreme Court's opinion in *Parks v DAIIE*, 462 Mich 191, paves the way to our decision in this case. We readily acknowledge that the facts of *Parks* differ from those presented

here.  But *Parks*'s reasoning is straightforward, and leads inexorably to our conclusion that because EAN is not subject to the security requirements of the no-fault act, EAN cannot be held liable for Heichel's PIP benefits.

Michigan's no-fault automobile insurance act, MCL 500.3101 *et seq.*, requires that Michigan drivers maintain no-fault automobile insurance.  *American Home Assurance Co v Mich Catastrophic Claims Ass'n*, 288 Mich App 706, 717; 795 NW2d 172 (2010).  MCL 500.3101(1) provides "[t]he owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under [PIP], property protection insurance, and residual liability insurance."  Only vehicles that must be registered in Michigan are subject to the requirements of the no-fault insurance act.  *Covington v Interstate Sys*, 88 Mich App 492, 494; 277 NW2d 4 (1979).  However, an out-of-state vehicle owner must maintain security for the payment of no-fault benefits if he or she permits a vehicle to be operated in Michigan for "an aggregate of more than 30 days in any calendar year" regardless of whether the vehicle is registered in Michigan.  MCL 500.3102(1).

Geico and State Farm insist that these well-established rules fall to the wayside when a vehicle owner such as EAN voluntarily files a certificate with the state of Michigan attesting that when responsible for doing so, it will provide "security equivalent to that afforded by a policy of insurance[.]"  MCL 500.3101(4).  In enacting § 3101(4), the Legislature recognized that some vehicle owners, particularly fleet operators such as EAN or Enterprise, might elect to self-insure rather than to purchase no-fault coverage.  See MCL 257.531; *Allstate Ins Co v Elassal*, 203 Mich App 548, 553; 512 NW2d 856 (1994).  We agree with Geico and State Farm that under the no-fault act, a self-insurer is an insurer.  *Id*. at 554.  "[S]elf-insurance, as certified by the Secretary of State, is the functional equivalent of a commercial insurance policy, with the purpose of either form being to compensate victims properly."  *Id*.  But this concession does not end the analysis.

Despite EAN's status as an insurer, the no-fault act simply did not apply to the Ford Fusion.  See *Parks*, 426 Mich at 206 ("The fact that a vehicle is actually covered by an insurance policy, *or that the owner of the vehicle is self-insured*, does not alter whether the vehicle itself need or need not conform to the requirements of the act.") (emphasis added).  Consequently, declaring that EAN is an insurer under MCL 500.3114 does not dispose of the broader question: whether the priority provisions of MCL 500.3114(5) pertain at all.

"Generally, under MCL 500.3101(1) and MCL 500.3114(1), an individual must seek no-fault benefits from his own insurer unless one of the exceptions enumerated in MCL 500.3114(2), (3), or (5) applies."  *Farmers Ins Exch v Farm Bureau Gen Ins Co of Mich*, 272 Mich App 106, 111; 724 NW2d 485 (2006).  One of the exceptions, MCL 500.3114(5), addresses the order of priority for payment of no-fault benefits to the operator of a motorcycle and provides:

> A person suffering accidental bodily injury arising from a motor vehicle accident which shows evidence of the involvement of a motor vehicle while an operator or passenger of a motorcycle shall claim [PIP] benefits from insurers in the following order of priority:

(a) The insurer of the owner or registrant of the motor vehicle involved in the accident.

(b) The insurer of the operator of the motor vehicle involved in the accident.

(c) The motor vehicle insurer of the operator of the motorcycle involved in the accident.

(d) The motor vehicle insurer of the owner or registrant of the motorcycle involved in the accident

If the no-fault act applies to the Ford Fusion that struck Heichel, EAN would be first in the order of priority. Geico would be second.

However, *Parks*, 426 Mich at 206, instructs that the priority provisions set forth in § 3114 apply "only in the case in which the insured vehicle is required to be registered in this state." In *Parks*, as here, the involved vehicle was registered in a state other than Michigan and Michigan law did not require Michigan registration. *Id*. at 197, 200-201. This fact was central to the Supreme Court's conclusion in *Parks* that the vehicle owner could not be held liable for payment of PIP benefits because the involved vehicle "was not required to be registered in Michigan and was not subject to the security provisions of the no-fault act." *Id*. at 211. The Court explained that "the plain language of § 3101(1) subjects only those vehicles required to be registered in this state to the mandatory security requirements." *Id*. at 206. The Court held that the plaintiff's personal automobile insurer, rather than the vehicle's insurer, bore liability for payment of PIP benefits because the plaintiff

> [was] injured in an employer's out-of-state vehicle, which is not required to be registered in this state under the motor vehicle registration act and . . . is not subject to the security provisions of the no-fault act because it has not been operated in this state for more than thirty days within the calendar year[.] [*Id*. at 207.]

*Parks* is not precisely on point, as it arose from a workplace injury in an employment context, did not involve a motorcycle, and dealt with a different subsection of MCL 500.3114. These distinctions make no difference. In *Parks*, the vehicle involved in the accident was owned by a self-insured nonresident company, was registered in another state, and was not required to be registered in Michigan. The same is true here. In *Parks*, another insurer contended that the nonresident vehicle owner was liable under MCL 500.3114, regardless of whether the no-fault act required the owner to maintain security on the vehicle. Again, the same is true here. In *Parks*, the Supreme Court rejected the complaining insurer's argument, holding that the registration requirement set forth in § 3101(1) is the key to liability under the no-fault act. A

-5-

vehicle that does not need to be registered in Michigan cannot trigger the application of the priority provisions set forth in MCL 500.3114. *Parks*, 426 Mich at 203-204. This core holding underpins our decision in this case.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Kathleen Jansen
/s/ Douglas B. Shapiro