*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MAEGAN TURNER, by WALTER SAKOWSKI,
Conservator,

       Plaintiff,

and

RIVERVIEW MACOMB HOME &
ATTENDANT CARE, LLC,

       Intervening Plaintiff,

v

FARMERS INSURANCE EXCHANGE,

       Defendant/Cross-Plaintiff/Cross-
       Defendant-Appellant,

and

ENTERPRISE LEASING CORPORATION OF
DETROIT, LLC, and EAN HOLDINGS, LLC,

       Defendants/Cross-Defendants-
       Appellees,

and

ESTATE OF JASON PUCKETT, by GARY
DUANE RUPP, Personal Representative,

       Defendant/Cross-Plaintiff,

and

PATSY VILLNEFF and TAMERA HARPER,

       Defendants/Cross-Defendants.

FOR PUBLICATION
April 16, 2019

No. 339624
Wayne Circuit Court
LC No. 16-002031-NF

-1-

JONTE EVERSON,

      Plaintiff,

v

FARMERS INSURANCE EXCHANGE,

      Defendant/Third-Party Plaintiff-
      Appellant,

and

ENTERPRISE LEASING COMPANY,

      Third-Party Defendant-Appellee.

No.  339815
Washtenaw Circuit Court
LC No.  16-000359-NF

Before:  CAVANAGH, P.J., and BORRELLO and REDFORD, JJ.

REDFORD, J. (*dissenting*).

I respectfully dissent from the majority's decision.  I would affirm the trial courts' orders granting summary disposition in favor of defendants Enterprise Leasing Corporation of Detroit, LLC, and EAN Holdings, LLC, in Docket No. 339624 and in favor of Enterprise Leasing Company in Docket No. 339815.[1]  Both this Court's and our Supreme Court's decisions establish that the no-fault insurance sections that require coverage, MCL 500.3101(1)[2] and MCL 500.3102(1),[3] do not apply to either vehicle in the two matters at bar because they were out-of-

---

[1] I refer to these defendants collectively as "Enterprise."

[2] MCL 500.3101(1) provides:

      The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance.  Security is only required to be in effect during the period the motor vehicle is driven or moved on a highway.  Notwithstanding any other provision in this act, an insurer that has issued an automobile insurance policy on a motor vehicle that is not driven or moved on a highway may allow the insured owner or registrant of the motor vehicle to delete a portion of the coverages under the policy and maintain the comprehensive coverage portion of the policy in effect.

[3] MCL 500.3102(1) provides:

      A nonresident owner or registrant of a motor vehicle or motorcycle not registered in this state shall not operate or permit the motor vehicle or motorcycle

-2-

state vehicles, not required to be registered in Michigan, that were not operated in Michigan for more than 30 days in any given year. Consequently, MCL 500.3114(4) does not require that Enterprise, as the self-insured owner of the vehicles, provide the no-fault benefits in this case. This result is consistent with this Court's decision in *Covington v Interstate Sys*, 88 Mich App 492; 277 NW2d 4 (1979), and our Supreme Court's decision in *Parks v Detroit Auto Inter-Ins Exch*, 426 Mich 191; 393 NW2d 833 (1986), two cases that arose from facts similar to the matters at bar.

In *Covington*, a case involving an employee who suffered injuries in an accident while driving his employer's truck that was registered and licensed in another state and self-insured by his employer, this Court explained:

> According to the express language of [MCL 500.3101(1)] only those vehicles required to be registered in this state are subject to the requirements of the no-fault act. It is uncontroverted that the truck plaintiff was driving at the time of the accident was neither registered in this state, nor required to be registered in this state. Consequently, it did not fall within the class of vehicles covered by this section of the no-fault act. [*Covington*, 88 Mich App at 494.]

This Court clarified that, under MCL 500.3102(1), the only other coverage section of the no-fault act, because the vehicle the plaintiff drove at the time of the accident had not been operated in Michigan for more than 30 days in any given year, the no-fault coverage provided by that section was also inapplicable. *Id.* Consequently, because "neither coverage section of the no-fault act is applicable to the truck in question, the truck was not a covered vehicle under the no-fault act and plaintiff is not entitled to no-fault benefits from defendant." *Id.* at 494-495.

In *Parks*, 426 Mich at 196-197, an employee suffered an injury while unloading his employer's trailer that was registered and licensed in another state and self-insured by his employer. The trailer had been operated in Michigan for only a few days. The issue before our Supreme Court concerned which of three insurers was required to pay the plaintiff's personal protection insurance benefits: his personal auto insurer; his employer, as a self-insurer; or the Assigned Claims Facility under MCL 500.3171 *et seq*. *Id.* at 198. The plaintiff's insurer contended that the nonresident vehicle owner bore liability under MCL 500.3114, regardless of whether the no-fault act required the owner to maintain security on the vehicle. *Id.* at 201. Our Supreme Court approvingly applied the analysis of the no-fault act as articulated by this Court in *Covington* and explained:

> From a clear reading of the no-fault act and the reasoning of the cited case law, we find the following: First, the plain language of § 3101(1) subjects only those vehicles required to be registered in this state to the mandatory security requirements. The fact that a vehicle is actually covered by an insurance policy,

---

to be operated in this state for an aggregate of more than 30 days in any calendar year unless he or she continuously maintains security for the payment of benefits pursuant to this chapter.

or that the owner of the vehicle is self-insured, does not alter whether the vehicle itself need or need not conform to the requirements of the act. Second, the policy of the Legislature was to provide a method whereby persons injured in automobile accidents would be readily provided relief from the results of their injury. Third, the primary method of accomplishing this result, from the general rule in § 3114(1), is that one looks to one's own insurer for no-fault benefits unless one of the statutory exceptions applies. Fourth, the exception of an employee injured in an employer's vehicle contained in subsection 3 of § 3114 applies only in the case in which the insured vehicle is required to be registered in this state. Fifth, because the vehicle was not registered in this state and thus the exception of subsection 3 does not apply, we look to the general intention of the Legislature in § 3114(1) to provide compensation for liability through the injured person's personal insurer. [*Id*. at 206.]

Our Supreme Court made clear in *Parks* that, if the vehicle involved in the accident does not need to be registered in Michigan, the priority provisions set forth in MCL 500.3114 do not apply.[4]

In reviewing the majority opinion, I do not disagree with my colleagues that *if* MCL 500.3114(4) applied in this case, as *Farmers Ins Exch v Farm Bureau Gen Ins Co of Mich*, 272 Mich App 106; 724 NW2d 485 (2006), found MCL 500.3114(5) to apply in that case, then reversal would be appropriate. However, the facts, analysis, and holding of *Parks* and *Covington* lead to a contrary result.

In *Parks* and *Covington*, the motor vehicles involved were not registered in the state of Michigan, neither of the vehicles had operated in the state for more than 30 days aggregate, and both vehicles were owned by self-insured entities. In each case, the courts concluded that, because neither MCL 500.3101 nor 500.3102 applied to the vehicles in question, the priority provisions of MCL 500.3114 did not apply and the self-insured out-of-state owners were not required to pay no-fault first-party benefits.

In *Farmers*, 272 Mich App at 108, the operator of a motorcycle was injured when he was struck by an uninsured van driven by Lynn Smith. On the day of the accident, the van was uninsured because of a failure to pay the insurance premium.[5] The van was owned by Lynn Smith and John Petiprin. Petiprin also owned another vehicle that was insured by Farm Bureau Insurance Company. Farm Bureau Insurance Company refused to pay the motorcyclist's no-

---

[4] As is indicated in the majority opinion, the issues at bar were addressed in *Heichel v Geico Indemnity Co*, unpublished per curiam opinion of the Court of Appeals, issued March 1, 2016 (Docket Nos. 323818 and 324045), lv den 500 Mich 921 (2016). The *Heichel* panel followed *Parks*'s instruction that the priority provisions of MCL 500.3114 only apply if the insured vehicle was required to be registered in Michigan.

[5] The clear implication of this statement in the *Farmers* case is that the van in question was a vehicle to which MCL 500.3101 applied.

fault first-party benefits. The Assigned Claims Facility assigned the case to the plaintiff, Farmers Insurance Exchange. The plaintiff brought suit to compel the defendant to pay the no-fault first-party benefits. The trial court granted summary disposition in favor of the plaintiff, *Id*. at 109, and the Court of Appeals upheld that decision "[b]ecause the trial court properly construed MCL 500.3114(5)(a) to require that an insurer that insures an owner or registrant who owns the motor vehicle involved in the accident with a motorcycle is first in priority to pay no-fault benefits to the injured person . . . ." *Id*. at 107.

In my opinion, *Parks and Covington* control this case. Because the vehicles involved in the accidents in the two cases at bar were registered and licensed in another state and were not operated in Michigan for more than 30 days in any given year, the self-insured owners were not required by the no-fault act to provide first-party no-fault benefits to the injured occupants of the motor vehicles involved in the two collisions. Therefore, as *Parks* directs, the priority provisions set forth in MCL 500.3114 do not apply, the owners of the vehicles cannot be held liable, and plaintiffs' no-fault claims should be covered by the insurers assigned the claims as provided under the no-fault act. For these reasons, I would affirm.

/s/ James Robert Redford