## BECKER v WOLVERINE INSURANCE COMPANY

Docket No. 54899. Submitted November 17, 1981, at Detroit.—Decided February 19, 1982.

Carl J. Becker was injured while driving a front-end loader owned by his employer when the vehicle struck an object hidden under an accumulation of snow. Becker filed suit against Wolverine Insurance Company, the insurer of his employer's fleet of vehicles, and State Farm Automobile Insurance Company, his personal no-fault insurance carrier. The Macomb Circuit Court, James C. Daner, J., granted summary judgment for both defendants. The plaintiff appeals. *Held:*

The trial court properly granted summary judgment in favor of Wolverine since the front-end loader was not covered by the employer's policy of insurance. The trial court erred in granting summary judgment to State Farm since a person injured while operating another person's motor vehicle is allowed to recover from his own personal no-fault carrier when the owner of the vehicle is not insured for that vehicle.

Affirmed in part and reversed in part.

1. INSURANCE — NO-FAULT INSURANCE — UNINSURED VEHICLE.

A person injured in a motor vehicle accident while operating another person's motor vehicle may recover from his own personal no-fault insurance carrier when the owner of the vehicle is not insured (MCL 500.3114[4]; MSA 24.13114[4]).

2. INSURANCE — NO-FAULT INSURANCE — UNINSURED VEHICLE — EMPLOYMENT RELATIONSHIP.

An employee is not precluded from recovering benefits from his own no-fault insurance carrier where he is injured in an automobile accident while in his employer's vehicle where that vehicle is not insured.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d, Automobile Insurance §§ 35, 354.
Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

*James A. Brescoll, P.C.* (by *Roy F. Moore*), for plaintiff.

*Hibbs & Lewis, P.C.* (by *Terry S. Welch*), for Wolverine Insurance Company.

*Eggenberger, Eggenberger, McKinney & Weber, P.C.*, for State Farm Automobile Insurance Company.

Before: CYNAR, P.J., and V. J. BRENNAN and H. E. DEMING,* JJ.

PER CURIAM. Plaintiff claimed to have been injured while driving a front-end loader owned by his employer when the vehicle struck a hidden object under an accumulation of snow. Plaintiff filed suit for no-fault insurance benefits from defendant Wolverine on the basis that Wolverine insured his employer's fleet of vehicles. Plaintiff's claim against defendant State Farm was based on the fact that State Farm was plaintiff's personal no-fault insurance carrier. Both defendants moved for summary judgment pursuant to GCR 1963, 117.2(1). On May 15, 1980, the trial court granted summary judgment for State Farm and, on October 7, 1980, the court granted summary judgment in favor of Wolverine. From these judgments, plaintiff appeals.

The trial judge properly granted summary judgment in favor of Wolverine, the no-fault carrier of plaintiff's employer. The front-end loader was not covered by the employer's policy since it was neither specifically listed on the policy nor covered under the automatic fleet endorsement for subsequent purchases since it was purchased prior to the policy term.

* Circuit judge, sitting on the Court of Appeals by assignment.

The trial court erred, however, in granting summary judgment to State Farm, plaintiff's personal no-fault carrier. MCL 500.3114(4); MSA 24:13114(4) allows a person injured while operating another's motor vehicle to recover from his own personal no-fault carrier when the owner of the vehicle is not insured. *Mathis v Interstate Motor Freight System,* 408 Mich 164; 289 NW2d 708 (1980), does not preclude an employee from recovering from his own no-fault carrier when he is injured in his employer's vehicle and that vehicle is not insured.

The summary judgment in favor of defendant Wolverine is affirmed. The summary judgment in favor of defendant State Farm is reversed.