*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ADVANCED SURGERY CENTER, LLC,

Plaintiff-Appellee,

v

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

Defendant/Third-Party Plaintiff-
Appellant,

and

EAN HOLDINGS, LLC,

Third-Party Defendant-Appellee.

UNPUBLISHED
April 22, 2021

No. 346081
Oakland Circuit Court
LC No. 2017-161796-NF

Before: FORT HOOD, P.J., and SERVITTO and BOONSTRA, JJ.

PER CURIAM.

Farm Bureau General Insurance Company of Michigan (Farm Bureau) appeals as of right the trial court's opinion and order granting summary disposition in favor of EAN Holdings, LLC (EAN).[1] On December 11, 2019, this panel held this case in abeyance pending the Michigan Supreme Court's resolution of the appeal in *Turner v Farmers Ins Exch*, 327 Mich App 481; 934 NW2d 81 (2019). *Advanced Surgery Ctr LLC v Farm Bureau Gen Ins Co*, unpublished order of the Court of Appeals, entered December 11, 2019 (Docket No. 346081). On January 29, 2021, our Supreme Court entered an order in *Turner v Farmers Ins Exch*, ___ Mich ___; 953 NW2d 204 (2021). We now affirm.

This case arises out of a motor vehicle accident involving Varanda Byrd and Tequilla Byrd (collectively "claimants"), in which Varanda was injured. At the time of the accident, Varanda

---

[1] The final order in this case was a stipulated order of dismissal between Farm Bureau and plaintiff entered on October 4, 2018, and Farm Bureau's appeal as of right follows that final order.

-1-

was driving a vehicle she rented from Enterprise. The vehicle was owned by EAN, which was a self-insured entity, and was registered in Florida. Because the claimants did not have a no-fault insurance policy of their own, the Michigan Assigned Claims Plan assigned claimants' claim for benefits to Farm Bureau. Relative to the instant matter, Varanda sought and received treatment from plaintiff after the accident. Varanda assigned her rights to benefits to plaintiff, to the extent of services provided by plaintiff.

Plaintiff filed a complaint against Farm Bureau, under its assignment of rights, seeking reimbursement for personal protection insurance ("PIP") services it had provided to claimants under the no-fault act, MCL 500.3101 *et seq*. Farm Bureau filed a third-party complaint against EAN, asserting that EAN, as the owner of the vehicle, was highest in priority to pay plaintiff's PIP benefits. In lieu of responding to the complaint, EAN filed a motion for summary disposition pursuant to MCR 2.116(C)(10), arguing that it was not required to provide PIP benefits to plaintiff because the vehicle was not registered in Michigan and had not been used in Michigan for more than 30 days in the past calendar year. The trial court agreed, granting EAN's motion for summary disposition. Thereafter, the trial court entered a stipulated order of dismissal between plaintiff and Farm Bureau based upon their agreement to submit their remaining claims to binding arbitration. This appeal followed.

On appeal, Farm Bureau argues that the trial court erred in granting summary disposition in favor of EAN because EAN, as the owner of the vehicle, is highest in order of priority for PIP benefits under the applicable no-fault statute. We disagree.

This Court reviews a trial court's decision to grant or deny summary disposition de novo. *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). In deciding a motion under subsection (C)(10), the trial court must consider the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, in the light most favorable to the party opposing the motion. *Id*. "A motion for summary disposition under MCR 2.116(C)(10) shall be granted if there is no genuine issue regarding any material fact and the movant is entitled to judgment as a matter of law." *Bazzi v Sentinel Ins Co*, 502 Mich 390, 398; 919 NW2d 20 (2018). "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). Issues of statutory interpretation are questions of law that this Court also reviews de novo. *Id*. at 424.

Before addressing Farm Bureau's arguments on appeal, this Court notes that EAN raises two issues outside of Farm Bureau's issue on appeal, neither of which have merit. First, EAN asserts that Farm Bureau "waived its argument on appeal" by failing to provide a transcript of the hearing for EAN's motion for summary disposition. However, the lower court register of actions indicates that the trial court did not hold a hearing on EAN's motion for summary disposition. Thus, it appears to this Court that there was no transcript for Farm Bureau to actually produce. Accordingly, Farm Bureau did not waive the issue.

Second, EAN raises a jurisdictional challenge, arguing that the order Farm Bureau appeals from is a stipulated order of dismissal between plaintiff and Farm Bureau, and that the order of

dismissal does not establish how Farm Bureau was aggrieved by the trial court's grant of summary disposition in favor of EAN. However, an appellant claiming an appeal as of right from a final order may raise issues related to prior orders. *Green v Ziegelman*, 282 Mich App 292, 301 n 6; 767 NW2d 660 (2009). Under MCR 7.202(6), a "final order" in a civil case includes "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties . . . ." The first order that disposed of all the claims was the stipulated order of dismissal between plaintiff and Farm Bureau. Because the stipulated order of dismissal was a final order, Farm Bureau could raise an issue relating to the prior order granting EAN's motion for summary disposition.

MCR 7.203(A) also requires that an appeal as of right be filed by an aggrieved party. An aggrieved party is a litigant who can demonstrate a "concrete and particularized injury," and has "some interest of a pecuniary nature in the outcome of the case." *Federated Ins Co v Oakland Co Road Comm*, 475 Mich 286, 291-292; 715 NW2d 846 (2006). Farm Bureau was aggrieved by the grant of summary disposition in favor of EAN because the trial court determined that EAN was not liable for payment of PIP benefits, which meant that Farm Bureau was solely responsible for paying PIP benefits to plaintiff. Farm Bureau being an aggrieved party, there is no jurisdictional defect in this case.

This Court now turns to the sole argument raised by Farm Bureau on appeal ─ that EAN, as the self-insured owner of the vehicle involved in the accident, is higher in the order of priority than Farm Bureau, based on the language of MCL 500.3144. We disagree.

Under the version of MCL 500.3114 in effect at the time of the accident and when the trial court granted summary disposition, a person seeking no-fault benefits must generally look first to his or her own insurer. However, claimant here undisputedly did not have a policy with any insurer. In such a case, when MCL 500.3114(1) applies but there is no available insurer, MCL 500.3114(4) applies next because these two subsections "together establish the general order of priority." *Titan Ins Co v American Country Ins Co*, 312 Mich App 291, 301; 876 NW2d 853 (2015) (citation omitted. MCL 500.3114(4) provided.[2]

---

[2] MCL 500.3114(4) was amended, effective June 11, 2019. See 2019 PA 21. The current version of MCL 500.3114(4) provides:

> Except as provided in subsections (2) and (3), a person who suffers accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle who is not covered under a personal protection insurance policy as provided in subsection (1) shall claim personal protection insurance benefits under the assigned claims plan under sections [MCL 500.] 3171 to [MCL 500.] 3175. This subsection does not apply to a person insured under a policy for which the person named in the policy has elected to not maintain coverage for personal protection insurance benefits under section 3107d or as to which an exclusion under section 3109(2) applies, or who is not entitled to be paid personal protection benefits under section 3107d(6)(c) or 3109a(2)(d)(*ii*).

Except as provided in subsections (1) to (3), a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

(a) The insurer of the owner or registrant of the vehicle occupied.

(b) The insurer of the operator of the vehicle occupied.

In *Turner*, supra, our Supreme Court interpreted the above provision and its application to facts nearly identical to those presented here. In *Turner*, occupants of cars rented from Enterprise were injured in automobile accidents. As is the case here, the cars were registered in states other than Michigan and owned by EAN, which self-insured the vehicles, and the injured parties' claims for benefits were assigned to an insurer (Farmers Insurance Exchange) through the Assigned Claims Plan. *Turner by Sakowski v Farmers Ins Exch*, 327 Mich App 481, 486-487; 490; 934 NW2d 81 (2019). Farmers Insurance Exchange argued that Enterprise was higher in priority under MCL 500.3114(4)(a)[3] because it was self-insured and owned the vehicles. *Turner, Id.* at 492. Enterprise responded that, under *Parks v Detroit Auto Inter-Ins Exch*, 426 Mich 191, 203-207; 393 NW2d 833 (1986), MCL 500.3114 was inapplicable because Enterprise was not required to maintain no-fault security on the vehicles. Enterprise argued that it was exempt from the security mandates because the vehicles at issue were not required to have been registered in Michigan and were not operated in Michigan for more than 30 days in the relevant calendar year. *Id.* at 492-493. This Court concluded that "[§] 3114(4)(a) plainly refers to the insurer of the vehicle's 'owner or registrant,' regardless of whether the particular vehicle involved in the accident was actually covered by the security described in § 3101(1)." *Id.* at 499-500.

Given that there was no dispute that Enterprise was the owner and registrant of the vehicles and was self-insured, the issue became "whether Enterprise, as a self-insured entity that was the owner and registrant of the vehicles at issue, may be considered the 'insurer of the owner or registrant.' " *Id.* at 500. This Court concluded that it is permissible to include a self-insured entity within the meaning of "insurer" in MCL 500.3114(4)(a). *Id.* at 501. This Court stated that *Parks*, which involved a different priority provision (MCL 500.3114(3)), was not binding regarding the meaning of MCL 500.3114(4)(a). *Id.* at 503-506. Accordingly, this Court concluded that Enterprise was higher in priority than Farmers because Enterprise was self-insured and, therefore, was the insurer of the vehicles' owner and registrant. *Id.* at 506-507.

Our Supreme Court reversed this Court's decision. It noted that

[A]s in *Parks*, it is undisputed that the vehicles at issue owned by the Enterprise appellants which the injured individuals were occupying at the time of the respective accidents were (1) out-of-state vehicles, (2) not required to be registered in this state, and (3) not subject to the security provisions of the no-fault act because

---

[3] *Turner* and this case both involve the prior version of MCL 500.3114, as amended by 2016 PA 347. MCL 500.3114 was subsequently amended by 2019 PA 21, effective June 11, 2019.

they had not been operated in this state for more than 30 days within the calendar year. [*Turner*. ___ Mich at ___; 953 NW2d at 206.]

The Court further concluded that *Parks* applied with equal force to former MCL 500.3114(4)(a). *Id*. at ___; 953 NW2d at 206. The Court stated:

> MCL 500.3114(3), as with former MCL 500.3114(4)(a), does not expressly condition an insurer's priority for no-fault benefits upon the vehicle's being required to be registered in Michigan or otherwise being subject to the security provisions of the no-fault act because it has been operated within the state for more than 30 days within the calendar year. Yet, such a condition is implicit within MCL 500.3114(3) and former MCL 500.3114(4)(a) when the no-fault act is read as a whole. [*Id*. at ___; 953 NW2d at 206.]

The Court determined that the word "insurer" in former MCL 500.3114(4)(a) "refers *only* to a particular insurer that has agreed to provide no-fault insurance to an owner or registrant as required by MCL 500.3101(1) or MCL 500.3102(1)." *Id*. at ___; 953 NW2d at 206. Accordingly, "because these self-insured Enterprise appellants, see MCL 500.3101d, were not required under either MCL 500.3101(1) or MCL 500.3102(1) to obtain no-fault insurance for the vehicles at issue, the Enterprise appellants could not have constituted the 'insurer of the owner or registrant of the vehicle occupied' under former MCL 500.3114(4)(a)." *Id*. at ___; 953 NW2d at 206.

Based on our Supreme Court's order in *Turner*, the trial court did not err by granting EAN's motion for summary disposition in this case. EAN provided evidence that the vehicle in this matter was not operated in the state of Michigan for more than 30 days in the calendar year before the accident and Farm Bureau never expressly disputed this. The trial court found that the vehicle was not present in Michigan for more than 30 days in the previous calendar year, which Farm Bureau still does expressly dispute. Accordingly, there is no genuine issue of material fact that the vehicle had not been operated in the state of Michigan for more than 30 days in the relevant calendar year, which is dispositive of the issue in this case under *Turner*.

As in *Turner* and *Parks*, the vehicle at issue in this case was "(1) [an] out-of-state vehicle[], (2) not required to be registered in this state, and (3) not subject to the security provisions of the no-fault act because [it] had not been operated in this state for more than 30 days within the calendar year." *Turner*, ___ Mich at ___; 953 NW2d at 206. Because EAN was not required to obtain no-fault insurance for the vehicle, it could not have constituted the "insurer of the owner or registrant of the vehicle occupied" under former MCL 500.3114(4)(a). *Id*. at ___; 953 NW2d at 206. Therefore, the trial court properly granted summary disposition in favor of EAN.

Affirmed.

/s/ Karen Fort Hood
/s/ Deborah A. Servitto
/s/ Mark T. Boonstra